IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KY HA,

        Plaintiff,                      No. CIV S-06-1690 KJM

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

/

        Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks fees based on 4.2 hours in 2006 at the rate of $161.25 per hour for attorney time and 49.65[1] hours in 2007 at the rate of $163.75 per hour, for a total amount of $8,807.44. Defendant contends the amount of hours claimed is unreasonable and that any award should be made to plaintiff and not to plaintiff's counsel.

        The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the

---

[1] Plaintiff initially requested 46.9 hours for work in calendar year 2007. In the reply, plaintiff augments the request for fees for an additional 2.75 hours for researching and drafting the reply.

1

results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant contends the hours expended by plaintiff's counsel are unreasonable.  Specifically, defendant argues the number of hours claimed is excessive in light of the routine nature of this case and the experience of plaintiff's counsel.

In reviewing the transcript, plaintiff's extensive briefing on the motion for summary judgment and the subsequent stipulated order granting remand in this case, and the time expended on tasks as set forth in plaintiff's schedule of hours, the court has determined the hours claimed are reasonable.  Plaintiff's counsel paid close attention in reviewing the administrative record as evidenced by the twenty pages of summary set forth in the opening brief.  Moreover, the stipulated order of remand required the Commissioner, on remand, to address every argument advanced by plaintiff as issues in support of summary judgment.  With respect to the amount of time claimed by counsel, the court also notes counsel did not represent plaintiff at the administrative level and had to become familiar with the case, which included a 586 page administrative transcript.  The court has scrutinized closely the hours claimed by counsel and finds no reason to believe they are inflated.  Counsel therefore will be paid for the claimed hours of attorney time spent in the prosecution of this action.

Defendant further contends that any award under EAJA must be made payable to plaintiff, not to counsel.  Defendant is correct that EAJA provides that the court shall award to a prevailing party fees and other expenses incurred in litigation.  28 U.S.C. § 2412(d)(1)(A).  Defendant argues that any assignment of EAJA fees prior to an award being made by the court or by stipulation of the parties is void under the Anti-Assignment Act, 31 U.S.C. § 3727.  This argument runs contrary both to the purpose of that Act as well as the procedure for awarding fees under 42 U.S.C. § 406(b).  The Anti-Assignment Act was enacted to "prevent persons of influence from buying up claims against the United States, which might then be improperly urged upon officers of the Government."  United States v. Aetna Casualty & Surety Co., 338 U.S. 366,

373 (1949). Another "purpose was to prevent possible multiple payment of claims, to make unnecessary the investigation of alleged assignments, and to enable the Government to deal only with the original claimant." Id. Allowing the assignment in the pending matter produces none of the evils the statute was designed to obviate. There is no specter raised of improper influence peddling, there is no possibility of multiple payments, there is no question plaintiff and her counsel entered into the contract of assignment, and the motion at issue here is brought on behalf of the plaintiff, meaning the government as defendant is still dealing with the same claimant. See Retainer and Contingent Fee Agreement ¶ 3D ( contract expressly provides that any motion for attorneys' fees will be brought on behalf of the client). Moreover, the assignment at issue does not assign plaintiff's counsel an interest in the right to claim attorneys' fees under EAJA, just the right to recover should any fees be awarded. See Pony v. County of Los Angeles, 433 F.3d 1138, 1145 (9th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 2864 (2006) (for fees awarded under 42 U.S.C. § 1988, although right to seek or waive attorneys' fees may not be transferred, right to collect attorneys' fees can be transferred); see also West Virginia Univ. Hospitals, Inc. v. Casey, 499 U.S. 83, 89 (1991) (section 1988 is state counterpart of EAJA)[2]; Hensley, 461 U.S. at 433 n.7 (standards for prevailing party fee shifting statutes should be generally the same). Recognizing the validity of the assignment of EAJA fees to plaintiff's counsel does not transgress the purpose of the Anti-Assignment Act.

The procedure required under 42 U.S.C. § 406(b) also illuminates the error in defendant's argument. When an award is made for payment of attorneys' fees under that section, plaintiff's counsel is required to refund to plaintiff the smaller amount of an EAJA award or the amount awarded under § 406(b). Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). This procedure clearly contemplates an earlier award of EAJA fees being made to plaintiff's counsel. If plaintiff's counsel could not recover EAJA fees pursuant to a contractual assignment, there

---

[2] West Virginia has been superseded by statute on other grounds. See, e.g., Stender v. Lucky Stores, Inc., 780 F. Supp. 1302, 1306 & n.13 (N.D. Cal. 1992).

would be no necessity for plaintiff's counsel to refund the smaller of the two awards.  Allowing an award under EAJA to be paid to plaintiff's counsel pursuant to contractual assignment thus is consistent both with the purpose of the Anti-Assignment Act and the procedure for determining attorneys' fees under the Social Security Act.  See generally Gilbrook v. City of Westminster, 177 F. 3d 839, 874-75 (9th Cir. 1999) (in absence of contractual assignment to counsel, attorney fee awards under 42 U.S.C. § 1988 must be made directly to the prevailing party).  In this case, plaintiff entered into a contract with counsel that assigned the right to recover EAJA fees to plaintiff's counsel.  The court accordingly will uphold the provisions of that contract.

Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $8,807.44.  Said fees shall be made payable to plaintiff's counsel.

DATED:  November 6, 2007.

_____
U.S. MAGISTRATE JUDGE

006
ha.fee